UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NANCY STACHEWICZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number 3:09-cv-470-JPG |
| ) | |
| NATIONAL UNION FIRE INSURANCE ) | |
| COMPANY OF PITTSBURG, PA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Nancy Stachewicz's motion to remand this case to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois (Doc. 12). Defendant National Union Fire Insurance Company of Pittsburg, PA, ("National Union") has responded to the motion (Doc. 18), and Stachewicz has replied to that response (Doc. 20).

**I.     Background**

This matter stems from a disability insurance policy National Union first issued to Stachewicz on a complimentary trial basis in May 2004 and then in exchange for premium payments beginning in July 2004.  Before enrolling Stachewicz in the complimentary trial coverage, National Union explained the policy to her via a telemarketer.  During the trial period, National Union provided Stachewicz with written promotional materials describing the insurance coverage to entice her to become a paying customer.  The written materials contained inconsistent descriptions of the coverage; one explanation represented that the coverage would be effective if any one of three events occurred (the "Citi Window description"), and the other explanation represented that the coverage would be effective only if all three of the events occurred.  The policy document itself expressed the latter definition.  Nevertheless, Stachewicz

enrolled and paid her $21.90 premium every month without incident.

On May 9, 2008, Stachewicz experienced at least one but not all three of the coverage triggering events and requested benefits under her disability insurance policy. National Union denied her claim, and she filed suit in Madison County, Illinois, on May 8, 2009. In Count I she seeks a declaratory judgment that National Union has a duty to pay her benefits under the policy. Count II is a breach of contract claim. In Count III Stachewicz claims National Union denied her benefits in bad faith in violation of the Illinois Insurance Code, 215 ILCS 5/155(1). She brings Count IV under the Illinois Consumer Fraud and Deceptive Practices Act ("Consumer Fraud Act"), 815 ILCS 505/1 *et seq*. In addition to declaratory relief, Stachewicz seeks attorney's fees under the Insurance Code and under the Consumer Fraud Act as well as punitive damages under the Consumer Fraud Act.

Recognizing that the parties are completely diverse and believing more than $75,000 is in issue, National Union removed the case to federal court on June 22, 2009. In the pending motion, Stachewicz asks the Court to remand the case because less than $75,000 was in issue on the day the case was removed. National Union disagrees and urges the Court to retain the case in this forum.

**II.**     **Analysis**

A defendant may remove to federal court a case filed in state court if there is original federal jurisdiction over the case. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss*, No. 07-3761, 2009 WL 2477642, * 3 (7th Cir. Aug. 17, 2009); *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997). The party seeking the federal forum has the burden of establishing federal jurisdiction by a preponderance of the evidence. *See McNutt v. General*

*Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *Chase*, 110 F.3d at 427.  The Court should interpret the removal statute narrowly and resolve doubt in favor of remand.  *Schur*, 2009 WL 2477642 at * 3.

In its § 1441 notice of removal National Union asserts that the Court has original diversity question jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), which requires that the amount in controversy exceed $75,000 exclusive of interest and costs.  Thus, National Union, as the party seeking to invoke federal jurisdiction, bears the burden of demonstrating that the amount in controversy requirement is satisfied.  After the Court decides any contested facts relevant to the amount in controversy, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum."  *Meridian*, 441 F.3d at 542; *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("[T]he sum claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." (footnote omitted)).  In removal cases based on diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed.  *Meridian*, 441 F.3d at 538; *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002).  Thus, in this case, National Union must establish by a preponderance of the evidence facts showing that more than $75,000 was in issue at the time it filed its notice of removal on June 22, 2009.  National Union relies on three factors to make such a showing:  (1) the face value of the disability insurance policy, (2) statutory damages under the Insurance Code and (3) punitive damages under the Consumer Fraud Act.

A.    Insurance Benefits in Issue

In a case seeking payments under a disability insurance policy where the dispute is over whether the plaintiff qualifies for the benefits, only amounts allegedly past due can be considered "in controversy." Thus, future payments under a disability insurance policy cannot be used to determine the amount in controversy for federal jurisdiction purposes where the plaintiff seeks only payment of certain benefits. *Keck v. Fidelity & Cas. Co.*, 359 F.2d 840, 841 (7th Cir. 1966); *see* 16 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 229:53 (3d ed. 2000). "Future benefits payable under a contract of insurance may be used to compute the sum in controversy for jurisdictional purposes only when the validity of the insurance policy itself, and not merely the presence or absence of conditions measuring the insurer's liability thereunder, is the matter in dispute." *Keck*, 359 F.2d at 841.

The parties agree that on June 22, 2009, under Stachewicz's view of the policy, $32,000 was past due, but that Stachewicz has since waived her right to $10,000 of that amount. Relying on *Keck*, Stachewicz argues that only $22,000 was in issue because she is not challenging the validity of the policy, only whether she met the conditions for benefits under the policy. National Union, on the other hand, argues that the entire face value of the policy – $1.2 million – was in issue because Stachewicz challenges whether the Citi Window description is part of the policy and thus challenges the validity of the policy. It relies on *Hawkins v. Aid Association for Lutherans*, 338 F.3d 801, 805 (7th Cir. 2003). In *Hawkins*, an insurer sought to enforce a group of its insureds (life insurance) to arbitrate their fraud claims against it. *Id.* at 804-05. The insureds argued the arbitration clause in their policy terms was invalid. *Id.* at 804-05. Without extended discussion, the Court of Appeals found that the attempt to nullify the arbitration

4

provision and to enjoin cancellation of the policies presented a challenge to the validity of the policies. *Id.* at 805.

*Hawkins* does not control this case. Unlike the insureds in *Hawkins*, Stachewicz does not seek to invalidate any part of the policy. Instead, she asks that her policy be construed to include the Citi Window description. *See Dobosz v. State Farm Fire & Cas. Co.*, 458 N.E.2d 611, 613-14 (Ill. App. Ct. 1983) (acknowledging that an advertising brochure may be treated as part of the insurance contract in certain situations). Then the policy would contain inconsistent descriptions of the coverage, which she believes would create an ambiguity that must be interpreted in her favor, that is, the favorable Citi Window description would apply and she would qualify for benefits. The core issues in this case are the construction of the policy in light of its promotional materials and whether Stachewicz is entitled to benefits under the appropriate construction of the policy. Whether the policy, or any part of it, is valid is simply not an issue; what the policy says is.

Nevertheless, $22,000 is not the proper amount of past due benefits in controversy. While Stachewicz purports to disclaim in her complaint $10,000 of the $32,000 in past due benefits as of June 22, 2009, her disclaimer is insufficient to lower the amount in controversy. Stachewicz's effors are similar to those made by the plaintiff in *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006), *cert. denied*, 551 U.S. 1115 (2007). There, the plaintiff attempted to limit the amount in controversy by explicitly stating in her complaint that the amount she was seeking was lower than the federal jurisdictional threshold for diversity cases. *Id.* at 511. The Court of Appeals noted that plaintiffs often use such disclaimers to avoid federal court, but that such disclaimers are only effective if they are binding. *Id.* The *Oshana* plaintiff's complaint

was not binding because pleadings in Illinois courts do not bind the parties and do not therefore limit federal jurisdiction. *Id.* Similarly, only a stipulation to waive $10,000 in past due benefits would be effective to bind Stachewicz, and she has not made such a stipulation. *See BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002).

For these reasons, the Court finds that $32,000 in past due benefits was in issue at the time of removal.

### B. Statutory Damages

The statutory damages that may have been available to Stachewicz in Count III at the time of removal are set forth at 215 ILCS 5/155(1):

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow . . . an amount not to exceed any one of the following amounts:
>
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

Based on its position that $1.2 million in benefits was in issue at the time of removal, National Union argues that Stachewicz stood to gain $60,000 in statutory damages under 215 ILCS 5/155(1)(b) at the time of removal. Alternatively, National Union argues that even if only $22,000 was in issue (for it argued that $22,000 was the proper past due benefit amount in controversy) at the time of removal, the statutory penalty amount available under 215 ILCS 5/155(1)(b) was in controversy because that is what Stachewicz could recover at the end of the

6

case. It cites *Feliberty v. Unumprovident Corp.*, No. 03-7569, 2003 WL 22991859 (N.D. Ill. 2003), in support of its position. In *Feliberty*, an insured sought to prevent his disability insurer from stopping future payments based on its view of the nature of his disability. *Id.* at * 1. In tallying the amount in controversy, the court counted the maximum statutory damage award available under 215 ILCS 5/155(1) despite the fact that no past due benefits were in controversy pursuant to *Keck*. *Id.* at * 1. However, it made this finding in *dicta*, for the presence or absence of the statutory damages was not a deciding factor in the outcome, which turned on whether future benefits were in controversy. Furthermore, it supported its conclusion with little analysis and was not presented with the question of whether the absence of past due benefits had any impact on the availability of statutory damages. *Feliberty* is not persuasive to this Court.

Keeping in mind that the amount in controversy at a particular time is generally the amount a defendant can tender to extinguish the plaintiff's claim at that time, *see Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001), the Court finds that the amount of statutory damages National Union could have tendered on June 22, 2009, to extinguish Stachewicz's claim to statutory damages would have been 60% of the potential benefit award on the date of removal, that is, $19,200. *See* 215 ILCS 5/155(1)(a). As explained below, however, this finding is not critical to the case in light of the alternative nature of Stachewicz's Consumer Fraud Act and Insurance Code claims and the larger amount in controversy in the Consumer Fraud Act claim

    C.    <u>Punitive Damages</u>

Punitive damages awardable under the Consumer Fraud Act in Count IV may count toward the amount in controversy. "Where both actual and punitive damages are recoverable

under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). Where punitive damages are recoverable as a matter of state law, the amount in controversy is satisfied unless it is legally impossible for the plaintiff to recover the requested amount. *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Cadek v. Great Lakes Dragaway*, 58 F.3d 1209, 1211-12 (7th Cir. 1995). When a claim for punitive damages comprises the bulk of the amount in controversy, the Court gives the claim close scrutiny to ensure the punitive damages claim is not excessive or unrealistic. *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008); *Smith v. American Gen. Life & Acc. Ins. Co., Inc.*, 337 F.3d 888, 893 (7th Cir. 2003); *Anthony*, 75 F.3d at 315; *see, e.g., Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979-80 (7th Cir. 2000) (dismissing suit seeking $600 in compensatory damages and $75,000 in punitive damages because highly unlikely state court would allow such an award).

Under the Consumer Fraud Act, punitive damages are available as a matter of law. *See* 815 ILCS 505/10a. However, they are only appropriate where a defendant's conduct was "outrageous either because the acts [were] done with an evil motive or because they [were] performed with a reckless indifference toward the rights of others." *Ekl v. Knecht*, 585 N.E.2d 156, 164 (Ill. App. Ct. 1991). Because punitive damages are available to Stachewicz for her Consumer Fraud Act claim, the Court must now ask whether it was legally impossible on the date of removal for her to recover the amount needed to make up the difference between the $75,000 jurisdictional threshold and the amount Stachewicz claims as other damages.

The magnitude of that amount is a matter of disagreement. National Union argues that

the amount in controversy includes both the statutory damages under the Insurance Code, 215 ILCS 5/155(1), and the punitive damages under the Consumer Fraud Act, 815 ILCS 505/10a. Stachewicz, on the other side, argues that her Insurance Code and Consumer Fraud Act claims are alternative claims and that she cannot possibly recover on both.  Consequently, she asserts both amounts cannot be counted to reach the jurisdictional amount.

 The Court agrees with Stachewicz.  If the policy is construed to contain the broader Citi Window coverage, National Union could be liable for failing to pay benefits under the policy but not for fraud because the policy would indeed be consistent with National Union's broader representations to Stachewicz.  If the policy is construed to contain the narrower coverage, National Union could be liable for fraudulently marketing it as if it contained broader coverage but it would not be liable for failing to pay benefits.  In other words, the result of this case will either be (1) that National Union deceived Stachewicz into purchasing a policy that does not cover her disability and is liable under the Consumer Fraud Act or (2) that National Union honestly sold her a policy that covered her disability, refused to pay benefits under the policy and is liable under the Insurance Code.  It is legally impossible for National Union to be liable under both theories.  Thus, the gap that the punitive damage award must fill if the jurisdictional amount is to be satisfied is the difference between $75,000 and the $32,000 in compensatory damages Stachewicz claims – at least $43,000.

 While the Court closely scrutinizes Stachewicz's claim, it finds that on the date of removal it was not legally impossible for her to recover more than $43,000 in punitive damages

9

based on her $32,000 in compensatory damages.[1] Such a punitive damage award is not out of proportion to the compensatory damages in controversy and is not unreasonable in light of the alleged facts of the case. While the Court is not bound to rule based solely on ratios, it is guided by them. The ratio of $43,000 in punitive damages to $32,000 in compensatory damages is 1.34 to 1. It is not near the proportions found unreasonable or unrealistic in *Smith*, 337 F.3d at 895-96 (29 to 1), and *Del Vecchio*, 230 F.3d at 979-80 (125 to 1). It is more akin to the ratio of 2.75 to 1 found acceptable in *LM Insurance*, 533 F.3d at 552, and well within the 4 to 1 ratio threshold the Supreme Court identified as constitutionally questionable for modest compensatory damage awards. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

Furthermore, this case is distinguishable from *Garbie v. Chrysler Corp.*, 8 F. Supp. 2d 814 (N.D. Ill. 1998), *aff'd*, 211 F.3d 407 (7th Cir. 2000), a class action involving fraudulent misrepresentations about defective automobile paint. In that case, the court considered in the aggregate that a hypothetical award of $30,000 (at the most) in compensatory damages and attorney's fees for each of a thousand class member would require a total punitive damage award of $45 million to reasonably assure that at least one class member satisfied the jurisdictional threshold, a punitive damage award the court considered patently excessive based on the facts of the case. *Id.* at 819-20. The case at bar involves a single plaintiff and will require no such massive aggregate punitive damage award to ensure the jurisdictional requirement is satisfied. In addition, the Court believes fraud regarding disability insurance and fraud regarding "lousy paint," *Garbie*, 211 F.3d at 409, are different, one touching on issues intimate to a person's

---

[1]For the same reasons the Court limited its consideration of the statutory damages available to Stachewicz *on the date of removal*, it also limits its consideration of the punitive damages available *on that date*.

health and livelihood and the other on issues of the cosmetic appearance of a car. The insurance fraud is likely to be found more outrageous than the paint fraud simply because of the subject of the fraud. Consequently, *Garbie* is not persuasive to this Court.

In light of the alleged facts in this case, the Court finds that it is not legally impossible that National Union's conduct, as alleged, will be seen as outrageous and will warrant a punitive damage amount of more than $43,000.

### III.     Conclusion

For the foregoing reasons, the Court, relying on the potential award available in Stachewicz's Consumer Fraud Act claim, finds that more than $75,000 is in controversy, exclusive of interest and costs. She stands to gain $32,000 in compensatory damages, *see Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757, 762-63 (S.D. Ill. 2006), and more than $43,000 in punitive damages. Therefore, this case was properly removed to federal court. According, the Court **DENIES** Stachewicz's motion to remand (Doc. 12).

**SO ORDERED**
**Entered this 23d day of September, 2009.**

                                                        s/ J. Phil Gilbert
                                                     **J. Phil Gilbert, District Judge**